```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE WESTERN DISTRICT OF TENNESSEE
                   WESTERN DIVISION
```

| | |
|---|---|
| **SHANETTE JENKINS-PARKS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 25-cv-2204-SHL-tmp |
| | ) |
| **CREDIT COLLECTION SERVICES,** | ) |
| | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

Before the court is *pro se* plaintiff Shanette Jenkins-Parks's complaint.[1] Because Jenkins-Parks is proceeding *in forma pauperis*, the undersigned must screen the complaint pursuant to 28 U.S.C. § 1915(e)(2).[2] For the reasons below, the undersigned finds that the complaint fails to state a claim, and recommends that Jenkins-Parks be given leave to amend her complaint in lieu of dismissal.

### I.   PROPOSED FINDINGS OF FACT

Jenkins-Parks filed her complaint on February 24, 2025, alleging violations of the Fair Credit Reporting Act ("FCRA"),

---

[1]Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States magistrate judge for management of all pretrial matters for determination or report and recommendation, as appropriate.

[2]The undersigned granted Jenkins-Parks leave to proceed *in forma pauperis* on July 11, 2025. (ECF No. 7.)

15 U.S.C. §§ 1681 *et seq.* (ECF No. 2.) She alleges that defendant Credit Collection Services ("CCS") "is a debt collection agency." (Id. at PageID 2.) Jenkins-Parks states that she "reviewed [her] Experian credit report and discovered that CCS had furnished inaccurate information regarding an alleged Progressive account." (Id.) She alleges that "[t]he account . . . contained erroneous balance information and a collection status that was inaccurate," including: "Account Name: Credit Collection Services[;] Original Creditor: Progressive[;] Date Opened: August 14, 2023[;] Balance: $69[;] Status: Collection Account[;] Reported Payment History: Multiple incorrect reports of collection status in November 2023, December 2023, January 2024, and February 2024." (Id. at PageID 3.) She does not state how that information is inaccurate. She claims that she "never received proper validation of this alleged debt and disputed the account directly with CCS and Experian," but "CCS failed to conduct a reasonable investigation and continued to report inaccurate data." (Id.) As a result, she claims that she "suffered credit score damage, emotional distress, and economic harm, including difficulty obtaining credit and financial opportunities." (Id.)

Based on this conduct, Jenkins-Parks alleges that CCS willfully and negligently violated § 1681s-2(b).[3] (Id.) As relief, she requests actual, statutory, and punitive damages, as well as costs for filing this suit. (Id. at PageID 4.)

## II.   PROPOSED CONCLUSIONS OF LAW

### A.   Legal Standard

This court is required to screen *in forma pauperis* complaints and must dismiss any complaint, or any portion thereof, if the action: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i-iii). To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); see also Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007); Fed. R. Civ. P. 8(a), 12(b)(6). "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Ctr. for Bio-Ethical Reform, Inc. v. Napolitano, 648 F.3d 365, 369

---

[3]Jenkins-Parks also seeks to bring claims for violations of § 1681n and § 1681o. (ECF No. 2 at PageID 3-4.) However, those sections govern damages for willful and negligent noncompliance with the FCRA, respectively, and are not standalone claims.

(6th Cir. 2011) (quoting Iqbal, 556 U.S. at 678). Without factual allegations in support, mere legal conclusions are not entitled to the assumption of truth. Iqbal, 556 U.S. at 679.

*Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers and are thus liberally construed. Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (citing Martin v. Overton, 391 F.3d 710, 712 (6th Cir. 2002)). Even so, *pro se* litigants must adhere to the Federal Rules of Civil Procedure, see Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), and the court cannot create a claim that has not been spelled out in a pleading, see Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011); Payne v. Sec'y of Treas., 73 F. App'x 836, 837 (6th Cir. 2003).

**B.   Analysis**

Jenkins-Parks alleges that CCS violated § 1681s-2(b) by failing to conduct a reasonable investigation into disputed information. "[Section] 1681s-2 is designed to prevent 'furnishers of information' from spreading inaccurate consumer-credit information."[4] Boggio v. USAA Fed. Sav. Bank, 696 F.3d

---

[4] "While § 1681s-2 does not define 'furnisher,' courts have defined the term as 'any entity which transmits information concerning a particular debt owed by a particular customer to consumer reporting agencies.'" Carter v. Holzman L., PLLC, No. CV 24-11990, 2025 WL 1065379, at *3 (E.D. Mich. Feb. 13, 2025), report and recommendation adopted, 2025 WL 868615 (E.D. Mich. Mar. 20, 2025) (quoting LaBreck v. Mid-Mich Credit Bureau, 2016 WL 6927454, at *2 (W.D. Mich. Nov. 28, 2016)).

611, 614 (6th Cir. 2012). "[It] works in two phases." Id. First, under § 1681s-2(a), "it imposes a duty to provide accurate information." Carter, 2025 WL 1065379, at *4 (citing LaBreck, 2016 WL 6927454, at *2). Second, under § 1681s-2(b), it imposes "a duty to undertake [a reasonable] investigation upon receipt of notice of dispute from a [consumer reporting agency]." Id. (citing LaBreck, 2016 WL 6927454, at *2).

"A private cause of action against a furnisher of information [under § 1681s-2(b)] does not arise until a consumer reporting agency provides proper notice of a dispute." Brown v. Wal-Mart Stores, Inc., 507 F. App'x 543, 547 (6th Cir. 2012) (citing Boggio, 696 F.3d at 615-16). Thus, to plausibly state a claim under § 1681s-2(b), a plaintiff must at least allege that they disputed an inaccuracy with a consumer reporting agency, that the consumer reporting agency then notified the furnisher of that dispute, and that the furnisher then violated a statutory duty under § 1681s-2(b)(1)(A)-(E). See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)(1)(A)-(E); Boggio, 696 F.3d at 616-18) (affirming dismissal of complaint under Rule 12(b)(6) because plaintiff "did not allege that [defendant] violated any of the statutory duties to investigate and properly report information once notified of her dispute related to [defendant]"); see also Green v. Cont.

Callers, Inc., No. 3:21-CV-2005, 2022 WL 2209436, at *2 (N.D. Ohio June 21, 2022) (citing Rajapakse, 2021 WL 3059755, at *2) (finding that plaintiff failed to state a § 1681s-2(b) claim).

Here, Jenkins-Parks vaguely alleges that CCS "furnished inaccurate information," she disputed that inaccurate information with Experian and CCS, and CCS then failed to conduct a reasonable investigation. (ECF No. 2 at PageID 2-3.) But these allegations fall short for at least two reasons. First, she has not alleged specific facts as to how the disputed information was inaccurate. See Settles v. Trans Union, LLC, No. 3:20-CV-00084, 2020 WL 6900302, at *5 (M.D. Tenn. Nov. 24, 2020) ("[T]o establish any FCRA violation Plaintiff must show that the credit report is patently incorrect or materially misleading"; finding that plaintiff had not plausibly alleged that the reported information was inaccurate and dismissing for failure to state a claim).

Second, a § 1682s-2(b) claim requires that the consumer reporting agency notify a furnisher of information of a dispute. Rajapakse, 2021 WL 3059755, at *2 ("The consumer bears the burden to show that a furnisher of information was notified by a credit reporting agency of the consumer's disputed debt[.]" (citing Boggio, 696 F.3d at 618)). While Jenkins-Parks alleges that she disputed the information with both Experian and CCS individually, this allegation is not sufficient to plead that

- 6 -

Experian notified CCS of the dispute. See Scott v. First S. Nat'l Bank, 936 F.3d 509, 517–18 (6th Cir. 2019) ("A consumer's complaining directly to a furnisher of information . . . does not trigger the furnisher's duty to investigate under the FCRA."). Absent this allegation, Jenkins-Parks has not plausibly alleged that CCS's duty to investigate was triggered. See Green, 2022 WL 2209436, at *2 ("[Plaintiff] has not alleged Defendant received notice from a [consumer reporting agency] pursuant to section 1681i(a)(2) and, therefore, he has not plausibly alleged Defendant had a duty to investigate the disputed information." (citation modified)). Despite these deficiencies, because Jenkins-Parks alleges at least some elements of a § 1681s-2(b) claim, the undersigned recommends that she be given leave to amend her complaint in lieu of dismissal.

### III. RECOMMENDATION

For the above reasons, the undersigned recommends that Jenkins-Parks be given thirty days to amend her complaint.

Respectfully submitted,

s/Tu M. Pham
TU M. PHAM
Chief United States Magistrate Judge

July 11, 2025
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**