IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| SHANETTE JENKINS-PARKS, | ) |
| Plaintiff, | ) |
| v. | ) No. 2:25-cv-02204-SHL-tmp |
| CREDIT COLLECTION SERVICES, | ) |
| Defendant. | ) |

**ORDER ADOPTING REPORT AND RECOMMENDATION AND GRANTING PLAINTIFF LEAVE TO AMEND COMPLAINT**

Plaintiff Shanette Jenkins-Parks filed a pro se complaint against Defendant Credit Collection Services for alleged violations of the Fair Credit Reporting Act. (ECF No. 2.) Chief Magistrate Judge Tu M. Pham screened her complaint under 28 U.S.C. § 1915(e)(2).[1] In his report and recommendation, Judge Pham finds that the complaint fails to state a claim, but he recommends that Jenkins-Parks be given leave to amend in lieu of dismissal. (ECF No. 8 at PageID 13.) There being no objections to the R&R, and finding no clear error, it is **ADOPTED**.

Jenkins-Parks alleges that CCS violated 15 U.S.C. § 1681s-2(b) when it "failed to report accurate information regarding an alleged debt and continued to furnish erroneous data to credit reporting agencies despite Plaintiff's disputes." (ECF No. 2 at ¶ 1.) Although sparse on the details, her complaint generally alleges that her Experian credit report contained "erroneous balance information" and an inaccurate collection status for an "alleged Progressive account" furnished by CCS. (Id. at ¶¶ 6–7.) She states that she "disputed the account directly with CCS

---

[1] Because Jenkins-Parks is proceeding in forma pauperis (ECF No. 7), her complaint must be preliminarily screened to determine whether it is frivolous, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

and Experian," but CCS failed to appropriately respond. (Id. at ¶¶ 8–9.)

To state a claim against CCS under the FCRA, Jenkins-Parks must allege that (1) she disputed inaccurate information to Experian, (2) Experian notified CCS of the dispute, and (3) CCS failed to reasonably investigate the dispute. See Rajapakse v. Credit Acceptance Corp., No. 19-1192, 2021 WL 3059755, at *2 (6th Cir. Mar. 5, 2021) (citing 15 U.S.C. § 1681s-2(b)). But Jenkins-Parks does not specifically explain how the Progressive account information was inaccurate, and, while she states that she notified CCS of the inaccuracy, she does not allege that Experian notified CCS of it. (ECF No. 8 at PageID 18.) "A consumer's complaining directly to a furnisher of information . . . does not trigger the furnisher's duty to investigate under the FCRA." (Id. at PageID 19 (quoting Scott v. First S. Nat'l Bank, 936 F.3d 509, 517–18 (6th Cir. 2019).) Instead, a consumer must "show that a furnisher of information was notified by a credit reporting agency of the consumer's disputed debt." (Id. at PageID 18 (quoting Rajapakse, 2021 WL 3059755, at *2).) As a result, the R&R correctly found that Jenkins-Parks failed to state a claim because she did not allege sufficient facts to show that (1) the credit report was patently incorrect or materially misleading and (2) CCS's duty to investigate was triggered. (Id. at PageID 18–19.)

A magistrate judge may submit to a judge of the court proposed findings of fact and recommendations that assist in the determination of certain pretrial matters. 28 U.S.C. § 636(b)(1)(A)–(B). "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1). A district court reviews de novo only those proposed findings of fact or conclusions of law to which a party specifically objects; the rest are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P.

72(b)(3).

Jenkins-Parks's deadline to object to the R&R was July 25 (ECF No. 8 at PageID 20), and she has not filed any objections. The Court has therefore reviewed the R&R in its entirety for clear error and finds none. The R&R correctly identifies the deficiencies in the complaint. (Id. at PageID 18–19.) Thus, it is **ADOPTED**. Because the Court agrees that Jenkins-Parks alleges the contours of a claim and could remedy the identified deficiencies by pleading additional details, she is given leave to amend her complaint in lieu of dismissal. She must file her amended complaint by **August 28**. If she chooses not to amend, her complaint will be dismissed for failure to state a claim.

**IT IS SO ORDERED,** this 29th day of July, 2025.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE